

**CT Corporation**
**Service of Process Notification**
05/15/2024
CT Log Number 546438283

## Service of Process Transmittal Summary

**TO:** John Sullivan, Corporate Counsel
Costco Wholesale Corporation
LEGAL DEPT., 999 LAKE DRIVE
ISSAQUAH, WA 98027-

**RE:** **Process Served in Alaska**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Stephen Gerald Berger // To: Costco Wholesale Corporation |
| **CASE #:** | 1JU2400582CI |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, Juneau, AK |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 05/15/2024 |
| **JURISDICTION SERVED:** | Alaska |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/16/2024, Expected Purge Date: 05/21/2024 |
| | Image SOP |
| | Email Notification, Nicola Merrett  nmerrett@costco.com |
| | Email Notification, John Sullivan  jsullivan@costco.com |
| | Email Notification, Joey Borla  jborla@costco.com |
| | Email Notification, Darius Blakeney  dblakeney@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
8585 Old Dairy Road, Ste 208
Juneau, AK 99801
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1

EXHIBIT D
PAGE 1 of 15




CT Corporation System
8585 Old Dairy Road, Suite 208
Juneau, AK 99801

RETURN RECEIPT REQUESTED

9589 0710 5270 0370 6557 39

M. Heiser
300 Mill Street #20
Ketchikan, AK 99901

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| Stephen Gerald Berger,<br>Plaintiff,<br><br>vs.<br><br>Costco Wholesale Corporation,<br>Defendant. | CASE NO: 1JU-24-00582CI<br><br>**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT** |

To Defendant: Costco Wholesale Corporation

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 123 4th Street PO Box 114100 Juneau, AK 99811
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:
Plaintiff's attorney or plaintiff (if unrepresented): Michael P Heiser
Address: 300 Mill St Ste 20  Ketchikan AK 99901

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number.  You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court.
-OR-
If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**
To: Plaintiff and Defendant

This case has been assigned to Judge Larry R Woolford

(SEAL)

| | | |
|---|---|---|
| 4/19/2024 | By: | CLERK OF COURT,<br>EEvans  *Erik W. Evans* |
| Date | | Deputy Clerk |

*The state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.
I certify that on ____4/19/24____
a copy of this order was mailed or delivered to:




Clerk: _____EEvans_____

CIV-100 (10/17)
Notice Of Judicial Assignment

Civil Rules 4, 5, 12, 42(c), 55

EXHIBIT D
PAGE 3 of 15

**IN THE SUPERIOR COURT OF THE STATE OF ALASKA**

**FIRST JUDICIAL DISTRICT AT JUNEAU**

| | |
|---|---|
| STEPHEN BERGER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| COSTCO WHOLESALE CORPORATION, | ) 1JU-24-00582CI<br>) |
| Defendant. | ) Case No. 1JU-24-    CI |

**COMPLAINT FOR WRONGFUL DISCHARGE**

COMES NOW the Plaintiff, STEPHEN BERGER, by and through his attorney, Michael P. Heiser, and for a cause of action against the Defendant alleges as follows:

1. Plaintiff is a resident and inhabitant of Juneau, Alaska.

2. At all times relevant hereto, Defendant COSTCO WHOLESALE CORPORATION (hereinafter collectively "Costco") was licensed to do, and doing business in the State of Alaska.

3. This court has jurisdiction over the subject matter and parties to this lawsuit.

4. Plaintiff is a highly skilled, diligent and conscientious pharmacist, with 50 years of experience. He was licensed in 1974 and has been licensed continuously since that time. He has never received any formal complaint about his skill or diligence in the dispensing of medication to the public.

5. The knowledgeable and accurate provision of medication, particularly medication prescribed by a medical provider, is not only critical for the health of the individuals receiving the medication; it is also a crucial public health function.

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

Complaint for Wrongful Discharge
<u>Berger v. Costco Wholesale Corporation</u>, 1JU-24-    CI    Page 1

Pharmacists typically receive at least 4 years of college-level education leading to at least a bachelor's or doctoral degree in Pharmacy before they may be licensed by a state to practice. Plaintiff received his bachelor's degree in Pharmacy from the University of Minnesota in 1973. He obtained his Alaska pharmacist's license in 1990.

6. Patients, and the public more generally, rely implicitly on the knowledge and skill of pharmacists to provide prescribed medications accurately and safely. As a result, by law, a medication prescribed by a qualified medical provider may be dispensed only by a licensed pharmacist. Whenever a pharmacy technician or other assistant is involved in fulfilling a prescription, by law a licensed pharmacist must physically review the fulfillment of that prescription to assure that the proper medication, amount and dosage are correct, and that labeling is accurate and consistent with legal requirements, before that prescription may be released to a patient. Interfering with, or harassing, a pharmacist in the performance of that function endangers the public and contravenes applicable law.

7. The laws governing the practice of pharmacists and pharmacies are contained in Alaska Statutes 08.80 et seq. and Alaska Administrative Code 12 AAC 52. Those regulations also establish a Board of Pharmacy to oversee the practice of pharmacists, licensed pharmacy technicians, and the practices and procedures of pharmacies within the state.

8. In March of 2011, Costco hired Plaintiff to be a "1520 Relief Pharmacist" in the company's Juneau, Alaska store. He

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-     CI     Page 2

received a copy of Costco's "Employee Agreement," a comprehensive, 115-page document that describes in detail the multifaceted relationship between Costco and its employees. It includes Costco's statements of its guiding business and management philosophy, as well as detailed rules and standards of behavior governing the interactions of employees, supervisors and managers.

9. The Employment Agreement constitutes a binding contract between Costco and each of its employees. A relief pharmacist is not guaranteed a set schedule or number of hours per week. Regardless of his schedule, for all times during his employment, Costco was bound by the Employee Agreement in its relationship with Plaintiff, and responsible for the actions of its employees in relation to Plaintiff. For much of his time with Costco, Plaintiff did in fact work a steady schedule, including extended periods of 31 hours per week.

10. Plaintiff worked for Costco as a relief pharmacist for roughly 11 years. The employer-employee relationship was generally smooth for the first 8-9 of those years. However, after new pharmacy manager Bob Baars and new overall store manager Gene Waters came to the Juneau store in 2019-2020, Plaintiff was harassed actively, repeatedly and intentionally by pharmacy technician Dan Glackin, behavior that the new pharmacy manager and the new overall store manager failed to stop despite Plaintiff's increasingly desperate verbal and written entreaties that they do so. Glackin was hired as a pharmacy technician in Costco's Juneau store in May 2014. In that position he was to directly assist plaintiff in the fulfilling of prescriptions and the dispensing of

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-     CI     Page 3

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

1 medications, as well as perform other tasks to enable the proper functioning of the pharmacy. As the pharmacist on duty, Plaintiff was Glackin's supervisor.

11. Plaintiff was harassed, isolated, and then constructively discharged on April 19, 2022.

12. As discussed below, Costco's egregious mistreatment of Plaintiff included numerous breaches of the Employee Agreement; an attempt to defame Plaintiff to the Board of Pharmacy; and an increase in harassment when Plaintiff reported directly to the Board of Pharmacy an instance of unsafe and illegal dispensing of medication. This constant harassment and undermining of Plaintiff's legally mandated authority as a pharmacist in charge, stemmed in part from Plaintiff's whistleblowing and other direct contact with the Board of Pharmacy.

13. Costco materially breached its contract with Plaintiff, isolated him, and constructively and wrongfully dismissed him. Costco's actions caused Plaintiff financial loss, enormous stress and psychological trauma, which he carries to this day, and exacerbated his heart problems.

## COUNT I

### BREACH OF EMPLOYMENT CONTRACT

14. Plaintiff realleges and incorporates as if set out in full herein paragraphs 1 through 13 above and alleges further as follows:

15. As noted above, Costco's Employee Agreement constitutes a contract between the employer and the employee, between Costco and Plaintiff. Costco breached this contract in many instances.

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-      CI      Page 4

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

16. Costco allowed Plaintiff to be harassed on the job. Sections 2 and 11.7 of the Employee Agreement prohibit harassment of any kind, specifically including harassment that might not otherwise be illegal. Section 11.7 provides that "all forms of harassment are prohibited," and specifically directs managers to prevent harassment. Plaintiff, a mild-mannered pharmacist then in his 70's, was subject to frequent harassment from Glackin. Examples include actively resisting the correction of an inaccurately fulfilled prescription before dispensing it to a patient; inaccurately and unlawfully re-labeling medication and providing it to a patient over Plaintiff's objections; defaming Plaintiff to an investigator from the Board of Pharmacy who was present in the pharmacy investigating health care providers' complaints of other improper pharmacy practices; frequent infliction of public indignities such as approaching Plaintiff, overtly being flatulent, and walking away (crass bullying that included when Plaintiff was with his girlfriend); and frequently criticizing him in the presence of other employees. This type of rude and derogatory behavior and malicious gossip is a cause for disciplinary action under Section 11.4 of the Employment Agreement. Yet, Glackin was apparently never disciplined for this activity.

17. Glackin did receive a suspension for insuborbination for refusing to allow Plaintiff to review a prescription for Epipens before dispensing them to a customer. Dispensing medication without review by a pharmacist is unlawful. Moreover, it is the pharmacist in charge, not the technician alone, who is ultimately accountable for errors in dispensing prescriptions. Plaintiff

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-      CI      Page 5

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

reported this event to the Board of Pharmacy. By failing to stop this campaign to undermine and demean Plaintiff, despite his verbal and written pleas, the Costco supervisors effectively encouraged it.

18. In fact, pharmacy manager Baars contributed to it, asking Plaintiff on several occasions when he was going to retire. By failing to stop Glackin's campaign of harassment, and contributing to it, Costco violated its contract with Plaintiff.

19. Costco failed to reassign Glackin to a different position or department where he had no employment connection to Plaintiff, as required by the contract.

20. Glackin had rented a room from Plaintiff in Plaintiff's Juneau residence, at a rental price considerably below the market price for a similar rental. Unfortunately, Glackin proved unable to follow the simplest of house rules, especially rules related to Plaintiff's frail heart health, and Plaintiff told him he had to leave. Glackin's reaction to being told he would have to leave his bargain tenancy was immature, physically unpleasant and typical of his subsequent behavior at work. He approached Plaintiff and his girlfriend, was intentionally flatulent, and then immediately gathered his belongings and left the premises.

21. Plaintiff's termination of Glackin's bargain tenancy provided ample incentive for his subsequent vindictive harassment and attempts to undermine Plaintiff on the job. Worse, Glackin carried on this campaign with full understanding of Plaintiff's frail health, specifically the need to avoid spikes in his heart rate.

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-       CI       Page 6

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

22. Costco was well-aware of this previous relationship between Plaintiff and Glackin, because Plaintiff had specifically informed his superiors of it as early as 2017, and that it had ended badly for Glackin.

23. Section 11.6 of the Employee Agreement is clear that when personal relationships between employees exist outside the workplace, they can interfere with workplace performance, and will be remedied by "appropriate transfers."

24. Under the terms of the employment contract, Costco should have moved Glackin out of a position in direct contact with Plaintiff, especially one in which Plaintiff, as the pharmacist on duty, was supervising Glackin. Costco failed to do so, thus breaching the contract and enabling the workplace harassment Plaintiff suffered despite his direct pleas to his supervisors to put a stop to it, which they were required to do by the contract and which they could have done at any time.

25. On at least two occasions, Glackin's campaign of harassment and insubordination resulted in unpaid suspensions from work, one of which included the possibility of termination. Nevertheless, the harassment never stopped.

26. As a result of Costco's acts, Plaintiff is entitled to recover damages for lost wages, lost employment benefits, loss of enjoyment of life, and other expenditures, the amount and value of which exceeds $100,000.00.

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

Complaint for Wrongful Discharge
<u>Berger v. Costco Wholesale Corporation</u>, 1JU-24-        CI        Page 7

## COUNT II

### RETALIATORY AND CONSTRUCTIVE DISCHARGE AFTER WHISTLEBLOWING

27. Plaintiff realleges and incorporates as if set out in full herein paragraphs 1 through 26 above and alleges further as follows:

28. On February 6, 2021, Pharmacy manager Baars directed, and Glackin effected, the potentially dangerous exchange of Epipens with a patient, including inaccurately and improperly re-labeling new Epipens, while denying Plaintiff the opportunity to check what was being dispensed. Baars told Glackin to make the exchange and that Plaintiff was not to be involved. The mislabeled Epipens (an epinephrine self-injector to prevent anaphylactic shock) created a threat to the patient and to the public in the event of malperformance or the need for a product recall. This action contravened Alaska regulations put in place to protect the public, thus contravening public policy.

29. Given that Baars had directed this action, and the futility of complaining to Baars about anything, Plaintiff did not complain to Baars about it. Rather, he reported it directly to a Board of Pharmacy investigator. Ultimately, Glackin was suspended by Costco for three days without pay, pending termination for this transgression, and Baars evidently had to re-label the Epipens from which the newly provided Epipens had been retrieved, while evidencing displeasure. Whether Baars himself received any discipline is unknown. Clearly his displeasure at having this incident reported to the Board of Pharmacy would indicate embarrassment and animus towards Plaintiff.

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-          CI          Page 8

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

30. Closely subsequent to this time, Costco began to search for a new relief pharmacist. Costco apparently identified an additional seven (7) hours per week that needed a pharmacist's coverage. After a period of unsuccessfully trying to recruit an additional relief pharmacist, Costco posted an advertisement for another pharmacist, to work a steady 24 hours per week. When he learned of this posting, Plaintiff then sought to speak to pharmacy manager Baars and store manager Waters about simply adding an additional seven hours to his schedule, which at that time was for 17 hours per week – an easy addition, and the equivalent of hiring an additional relief pharmacist. Despite the fact of his long experience as a pharmacist, that he had worked for Costco's Juneau pharmacy continuously for 11 years, and that he had just recently caught the improper trade of Epipens that could have threatened the public, and could have exposed Costco in the event of a medical malfunction, Baars and Waters informed him that under no circumstances would he be offered the opportunity to work the additional seven hours per week.

31. A new pharmacist was hired in August or September 2021. Soon after that pharmacist had passed his probationary period, Baars began cutting Plaintiff's hours. Plaintiff's last performance review, dated March, 2022, contained the kind of negative appraisal that had never appeared on prior performance reviews. On April 19, 2022 Costco informed Plaintiff that there would be no more hours for him, thus constructively discharging him. Further, any possible return to work would have required Plaintiff to return to an intolerable level of harassment,

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-        CI        Page 9

insubordination and animus.

32. Plaintiff's whistleblowing, and the obvious animus it provoked, played into the decision of Baars and Waters to get rid of him.

33. Costco terminated Plaintiff from employment in retaliation for his whistleblowing. Where whistleblowing plays any part in the dismissal of an employee, retaliation is presumed.

34. As a result of Costco's retaliatory and constructive discharge, Plaintiff is entitled to recover damages for lost wages, lost employment benefits, loss of enjoyment of life, and other expenditures, the amount and value of which exceeds $100,000.00.

## COUNT III

### VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

35. Plaintiff realleges and incorporates as if set out in full herein paragraphs 1 through 34 above and alleges further as follows:

36. In Alaska, every contract contains an implied covenant of good faith and fair dealing.

37. Costco's extended harassment and contravention of the terms of the Employee Agreement, despite Plaintiff's extended entreaties as described above, is not good faith participation in the terms of the contract.

38. Costco's failure to transfer Glackin when Costco knew of his demonstrated animus towards Plaintiff, as well as its source, is not good faith.

39. Where an employer's actions are contrary to public policy, they constitute breach of the covenant of good faith and

**Complaint for Wrongful Discharge**
**Berger v. Costco Wholesale Corporation**, 1JU-24-        CI        Page 10

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

fair dealing.

40. Here, Costco's knowing and unlawful exchange of Epipens while denying Plaintiff's oversight were contrary to public policy by violating laws meant to protect the public. They also placed Plaintiff himself in professional jeopardy in the event of a resulting medical accident.

41. Retaliatory discharge for whistleblowing constitutes violation of the covenant. Furthermore, under the terms of the Employment Agreement, prior to terminating employment of an individual who has been employed continuously five (5) or more years, the circumstances must be reviewed with an Executive Vice-President or above. Plaintiff had been continuously employed for 11 years. Yet, no such review took place in Plaintiff's case.

42. As a result of Costco's violation of the covenant of good faith and fair dealing, Plaintiff is entitled to recover damages for lost wages, lost employment benefits, loss of enjoyment of life, and other expenditures, the amount and value of which exceeds $100,000.00.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff realleges and incorporates as if set out in full herein paragraphs 1 through 42 above and alleges further as follows:

44. The entire point of Glackin's extended campaign of harassment was the intentional infliction of emotional distress on Plaintiff. Glackin's actions were outrageous, bullying, devious and calculated to harm Plaintiff's emotional health. He acted out

**Complaint for Wrongful Discharge**
<u>Berger v. Costco Wholesale Corporation</u>, 1JU-24-      CI      Page 11

EXHIBIT D

of animus that arose originally from the events of his tenancy in Plaintiff's residence. These events and his animus were well known to Costco. Yet, Costco failed to transfer Glackin, nor stop his harassment, which was all the worse for his knowledge of Plaintiff's fragile heart health, in which spikes in heart rate could be life-threatening.

45. His campaign of harassment and Costco's failure to stop it has caused severe emotional distress to Plaintiff.

46. Accordingly, Plaintiff is entitled to compensation for the self-doubt, loss of self-esteem, continual anxiety, loss of sleep, and exacerbated heart problems directly and proximately resulting from Costco's above-described conduct.

**WHEREFORE**, Plaintiff prays for:

1. Damages for past and future lost wages and benefits.
2. Damages for emotional distress.
3. Damages for loss of enjoyment of life.
4. His costs and attorney's fees incurred herein.
5. For such further relief that the court deems appropriate.

DATED this 18th day of April, 2024.

/s/Michael P. Heiser
Michael P. Heiser
Bar No. 8505038
Attorney for Plaintiff

MICHAEL P. HEISER
Attorney at Law
300 Mill Street, Suite 20
Ketchikan, AK 99901
907.225.1910
mphesq@kpunet.net

Complaint for Wrongful Discharge
<u>Berger v. Costco Wholesale Corporation</u>, 1JU-24-     CI     Page 12